UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMARI J. MOODY,

                    Plaintiff,

-against-

SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC.,

                    Defendant.

---

25 Civ. 8671 (JHR)

ORDER OF SERVICE

JENNIFER H. REARDEN, District Judge:

      Plaintiff, appearing *pro se*, brings this action for violations of the Employment Retirement Income Security Act of 1974 ("ERISA"). By order dated October 21, 2025, *see* ECF No. 5, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

      Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3).

      To allow Plaintiff to effect service on Defendant Sedgwick Claims Management Services, Inc. through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires service of a summons within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the amended complaint and ordered that any summons be issued. The Court therefore extends the time to serve until 90 days after the summons to Defendant Sedgwick Claims Management Services, Inc. issues.

of Court is further directed to issue summons and deliver to the Marshals Service all necessary paperwork for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of such time).

Plaintiff must notify the Court in writing if Plaintiff's address changes. **The Court may dismiss the action if Plaintiff fails to do so**.

## CONCLUSION

The Clerk of Court is instructed to: (1) issue a summons for Defendant Sedgwick Claims Management Services, complete the USM-285 form with the address for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service; and (2) mail an information package to Plaintiff.

Plaintiff may receive court documents by email by completing a Consent to Electronic Service form.[2]

SO ORDERED.

Dated:   October 29, 2025
         New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

---

[2] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

## SERVICE ADDRESS FOR DEFENDANT

Sedgwick Claims Management Services, Inc.
8125 Sedgwick Way
Memphis, Tennessee, 38125

Sedgwick Claims Management Services, Inc.
P.O. BOX 14424
Lexington, Kentucky 40512-4424