UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMARI J. MOODY,

                Plaintiff,

      -against-

SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC.,

                Defendant.

---

25 Civ. 8671 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

Plaintiff brings this action *pro se* for violations of the Employee Retirement Income Security Act of 1974 ("ERISA") against Defendant Sedgwick Claims Management Services, Inc. ("Sedgwick").[1]  Before the Court is Plaintiff's motion for a temporary restraining order ("TRO") and preliminary injunction ("PI").  ECF No. 3 (Mot.).  The motion seeks an order directing Sedgwick to (1) "[p]reserve and produce, within fourteen (14) days, the complete administrative claim file"; (2) "[r]efrain from deleting, modifying, or altering any data or records related to Plaintiff's claim"; (3) "[f]ile a written certification of compliance within fourteen (14) days of service of the Court's order"; and (4) "[g]rant such further equitable relief as the Court deems just and proper."  *Id.* at 3.  Sedgwick is in the process of being served.[2]

Plaintiff is a former employee of Starbucks Corporation ("Starbucks") and a participant in Starbucks's employee welfare benefit plans.[3]  ECF No. 1 (Compl.) ¶ 3.  Sedgwick is a plan

---

[1] The case was assigned to this Court on October 24, 2025.

[2] On October 29, 2025, the Court directed the U.S. Marshals to effectuate service.  *See* ECF No. 7.  The service package was delivered to the Marshals on November 3, 2025.

[3] The Court "assume[s]" that the facts set forth in the Complaint and Motion for Temporary Restraining Order and Preliminary Injunction are "true for purposes of the instant motion."

administrator and fiduciary within the meaning of ERISA §3(21), 29 U.S.C. §1002(21), with

discretionary authority to determine benefit eligibility, adjudicate claims, and conduct appeals on

behalf of Starbucks Corporation.  *Id.* ¶ 4.  Plaintiff took leave of absence for medical reasons on

April 16, 2025.  *Id.* ¶ 5.  Starbucks's employer DB-450 form identifies April 21, 2025 instead as

the commencement of leave, "creating a five-day discrepancy."  *Id.* ¶ 6.  On June 24, 2025,

Sedgwick issued an "Unapproved Absence" determination, "closing the claim without stating

specific reasons or appeal rights."  *Id.* ¶ 8.  Plaintiff escalated the matter to the U.S. Department

of Labor (the Employee Benefits Security Administration) on July 29, 2025.  *Id.* ¶ 10.  According

to Plaintiff, Sedgwick is "withhold[ing] the complete claim file, internal communications, and

medical-review notes."  Mot. ¶ 6.  Moreover, Plaintiff avers that there is "reason to believe that

Sedgwick and Starbucks' legal representatives may be altering or deleting internal claim records

and communications."  *Id.* at ¶ 7.

As Plaintiff is proceeding *pro se*, the Court construes his pleadings "liberally" and

interprets them "to raise the strongest arguments that they suggest."  *Triestman v. Federal Bureau*

*of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (citation and internal quotations

omitted).  But "[p]ro se status does not exempt a party from compliance with relevant rules of

procedural and substantive law."  *Azzarmi v. Key Food Stores Co-Operative Inc.*, No. 20-CV-

6835, 2021 WL 1734922, at *3 (S.D.N.Y. May 3, 2021) (citation and internal quotations

omitted).  On the record before the Court, "and without the benefit of the adversary process, the

Court declines to find that Plaintiff has established a likelihood of success on the merits of his

case to entitle him to the extraordinary relief he seeks."  *Crichlow v. Verituity Inc., et al.*, No. 25

---

*Natera, Inc. v. Bio-Reference Laboratories, Inc.*, No. 16 Civ. 9514 (RA), 2016 WL 7192106, at
*1 n.1 (S.D.N.Y. Dec. 10, 2016) (denying request for a temporary restraining order).

Civ. 6591, ECF No. 15 at *2 (JHR) (SN) (S.D.N.Y. August 29, 2025) (Netburn, M.J.).[4]

Accordingly, Plaintiff's application for a discovery-related TRO is denied without prejudice.  *Id.*

Plaintiff's filings suggest that Sedgwick is aware of this dispute.  *See, e.g.*, Compl. ¶ 9 (alleging that, "[b]etween July 26–29, 2025, Sedgwick internally logged an appeal" relating to Plaintiff's benefits claim); *id.* ¶ 10 (averring that, as of July 29, 2025, Plaintiff "escalated the matter" to the Employee Benefits Security Administration).  "The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation."  *Fujitsu Ltd. v. Federal Exp. Corp.*, 247 F.3d 423, 436 (2d Cir. 2001) (affirming denial of sanctions motion).

All parties to this action bear that obligation.  Any failure to preserve documents may result in sanctions, including adverse inferences or even case-dispositive sanctions.  *Crichlow*, No. 25 Civ. 6591, ECF No. 15 at *2.

### CONCLUSION

For the foregoing reasons, Plaintiff's motion for a temporary restraining order is denied without prejudice.  All parties are ORDERED to preserve all evidence that might be relevant to any claim or defense in this action.  *Id*.

By separate order today, the Court is referring this action to Magistrate Judge Figueredo for general pretrial management and dispositive motions.

---

[4] In any event, "an ex parte [TRO] will not materially decrease the risk that [Sedgwick] will destroy or conceal evidence."  *Dolce v. Certified Luxury Motors*, No. 25 Civ. 2150 (AT) (RWL), 2025 WL 1198833, at *4 (S.D.N.Y. Apr. 11, 2025), *report and recommendation adopted*, No. 25 Civ. 2150 (AT) (RWL), 2025 WL 1184076 (S.D.N.Y. Apr. 23, 2025).

The Clerk of Court is directed to terminate ECF No. 3.

SO ORDERED.

Dated:    November 5, 2025
          New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

\