UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMARI J. MOODY,<br><br>               Plaintiff,<br><br>      -against-<br><br>SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,<br><br>               Defendant. | 25 Civ. 8671 (JHR) |
| AMARI J. MOODY,<br><br>               Plaintiff,<br><br>      -against-<br><br>UNUM GROUP, ET AL.,<br><br>               Defendants. | 25 Civ. 9787 (JHR) |
| AMARI J. MOODY,<br><br>               Plaintiff,<br><br>      -against-<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>               Defendant. | 25 Civ. 10720 (JHR)<br><br>OPINION & ORDER |

JENNIFER H. REARDEN, District Judge:

Plaintiff, proceeding *pro se*, has brought seventeen actions in this District since October 2025, including the four before this Court concerning a sinus surgery and related benefits disputes.[1]  Plaintiff has filed several motions in each action, *see Sedgwick*, ECF Nos. 25-30, 52,

---

[1] On October 24, 2025, *Moody v. Sedgwick Claims Management Services, Inc.*, No. 25 Civ. 8671 ("*Sedgwick*"), was assigned to this Court.  On January 13, 2026, *Moody v. Unum Group, et al.*, No. 25 Civ. 9787 ("*Unum*"), *Moody v. Cigna Health and Life Insurance Company*, No. 25 Civ. 10720 ("*Cigna*"), and *Moody v. The Mount Sinai Hospital, et al.*, No. 25 Civ. 8859 ("*Mount*

1

53; *Unum*, ECF Nos. 15-17; *Cigna*, ECF Nos. 14, 16-19, many of which raise overlapping issues.  The Court considers those motions together.  For the reasons set forth below, Plaintiff's motions are DENIED.

## BACKGROUND

### A.    *Sedgwick*

On October 10, 2025, Plaintiff commenced an action against Sedgwick Claims Management Services, Inc. ("Sedgwick") alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461.  *Sedgwick*, ECF No. 1.  On October 24, 2025, *Sedgwick* was assigned to this Court.

On October 20, 2025, Plaintiff moved for a temporary restraining order directing Sedgwick to (1) "[p]reserve and produce, within fourteen (14) days, the complete administrative claim file"; (2) "[r]efrain from deleting, modifying, or altering any data or records related to Plaintiff's claim"; and (3) "[f]ile a written certification of compliance within fourteen (14) days of service of the Court's order."  *Id.*, ECF No. 3.  Plaintiff also asked the Court to "[g]rant such further equitable relief as the Court deem[ed] just and proper."  *Id.*

On November 5, 2025, the Court denied Plaintiff's motion, principally on the ground that Plaintiff had not "established a likelihood of success on the merits of his case to entitle him to the extraordinary relief he s[ought]."  *Id.*, ECF No. 10 (internal quotations and citation omitted).  That same day, the Court referred the case to the designated Magistrate Judge, Judge Valerie Figueredo, for general pretrial management and reports and recommendations on dispositive motions.  *Id.*, ECF No. 11.

---

*Sinai*") were assigned to this Court as related to *Sedgwick*.  Motions in *Mount Sinai* have been addressed separately and are not covered by this Order.

On January 8, 2026, Sedgwick moved to dismiss the complaint, *id.*, ECF No. 18. Plaintiff opposed the motion on January 10, 2026, *id.*, ECF No. 22, and Sedgwick filed a reply on January 22, 2026, *id.*, ECF No. 23.

On January 29, 2026, Plaintiff brought six motions: (1) "Motion for Article III Supervisory Intervention," *id.*, ECF No. 25; (2) "Motion for Judicial Notice of Structural Defects, Retaliatory Litigation Conduct, and ADA Title II Access Violations," *id.*, ECF No. 26; (3) "Motion to Vacate the November 5, 2025 TRO Denial and for Reconsideration Under Fed. R. Civ. P. 54(b)," *id.*, ECF No. 27; (4) "Motion for Recusal of District Judge Pursuant to 28 U.S.C. § 455(a) and (b)(1)," *id.*, ECF No. 28; (5) "Motion for Reassignment to a Different Article III Judge," *id.*, ECF No. 29; and (6) "Emergency Renewed Motion for Temporary Restraining Order and for Immediate Evidence Preservation Relief," *id.*, ECF No. 30.

On February 2, 2026, Sedgwick asked the Court to deny (1) Plaintiff's motion for reconsideration as "untimely" and (2) his renewed motion for a temporary restraining order as "s[eeking] relief that need not be granted in light of the Court's disposition of the original motion." *Id.*, ECF No. 31. Sedgwick also "oppose[d] the motion for recusal . . . [as] [a] party's displeasure with legal rulings does not form an adequate basis for recusal." *Id.* Plaintiff responded that "Defendant's February 2, 2026 letter misstates the procedural record, [and] omits undisputed evidence," and requested that "the Court evaluate pending matters with full awareness of the corrected procedural context set forth" in his response. *Id.*, ECF No. 32. These motions are addressed herein.

On February 2, 2026, Plaintiff filed three more motions: (1) "Motion to Strike Defendant's Declarations and Factual Representations for Material Misrepresentations, Lack of Foundation, and Prejudicial Discriminatory Litigation Conduct," *id.*, ECF No. 34; (2) "Motion

for Sanctions Pursuant to Fed. R. Civ. P. 11(B), 11(C)(3), and 37(E)," *id.*, ECF No. 35; and (3) "Motion for Judicial Notice of Discriminatory, Retaliatory, and Administratively Misleading Litigation Conduct Reflected In Defendant's Filing," *id.*, ECF No. 36.  These motions do not parallel any applications in *Unum* or *Cigna* and are not addressed herein.

On February 6, 2025, Plaintiff filed the following additional motions: (1) "Plaintiff's Motion to Compel Proper Emergency Review of All Rule 65 Filings, ADA Access Motions, and Evidence-Preservation Requests," *id.*, ECF No. 52; and (2) "Motion to Declare the November 5, 2025 TRO Denial Void for Lack of Jurisdiction, Ultra Vires Action, Structural Defects, and Title II ADA Violations," *id.*, ECF No. 53.  These motions relate to previously filed emergency applications, *see* ECF Nos. 3 and 30, and are addressed herein.

### B.    *Unum*

On November 23, 2025, Plaintiff brought an action against Unum Group and Unum Life Insurance Company of America (together, "Unum") arising from Unum's alleged "mishandling, obstruction, and bad-faith denial of Plaintiff's New York Disability Benefits Law (DBL) claim." *Unum*, ECF No. 1 at 1.

Plaintiff's initial filing, which resembles a complaint in that it includes sections for jurisdiction, venue, and causes of action, is entitled "Plaintiff's Verified Emergency Motion."  *Id.* The submission seeks "to halt ongoing statutory violations and compel proper adjudication of Plaintiff's" DBL claim.  *Id.*  Plaintiff requests (1) an "immediate Temporary Restraining Order"; (2) "Preliminary Injunction"; (3) an "order compelling Unum to properly investigate and adjudicate the claim"; (4) a "stay on all adverse actions"; (5) "[p]reservation of all records"; and (6) "[a]ny further relief the Court deems just."  *Id.* at 6.  This motion is addressed herein.

On January 13, 2026, *Unum* was assigned to this Court as related to *Sedgwick*. On January 14, 2026, the Court issued an order of service, *Unum*, ECF No. 6, and referred the case for general pretrial management and reports and recommendations on dispositive motions to Judge Figueredo, *id.*, ECF No. 7.

On January 22, 2026, Plaintiff filed three more motions: (1) "Plaintiff's Request for Clarification Regarding Status of Pending Emergency Motion," *id.*, ECF No. 15; (2) "Plaintiff's Motion for Judicial Supervisory Intervention to Correct Structural Defects in the Handling of Plaintiff's Emergency Filings," *id.*, ECF No. 16; and (3) "Plaintiff's Motion for Article III Supervisory Reassignment Due to Structural Breakdown in the Handling of Emergency Filings," *id.*, ECF No. 17. These motions are also addressed herein.

### C.    *Cigna*

On December 23, 2025, Plaintiff brought an action against Cigna Health and Life Insurance Company ("Cigna") asserting violations of ERISA based on Cigna's alleged "systemic refusal to provide a 'full and fair review' of Plaintiff's urgent post-surgical claims, its use of procedural roadblocks to avoid issuing any timely determination before plan termination, and its reliance on an outdated, non-compliant appeal form in place of the urgent-care process required by federal law." *Cigna*, ECF No. 1. Plaintiff's case-opening document, "Verified Complaint and Emergency Motion," seeks an order (1) "[d]irecting Cigna to immediately accept and process Plaintiff's August 27, 2025 submission as a timely expedited appeal and urgent care claim, and to provide a physician-level decision on medical necessity for revision FESS/mastoidectomy"; (2) "[e]njoining Cigna from asserting failure to exhaust administrative remedies or plan termination as a basis for refusing to adjudicate Plaintiff's claims where such defenses arise from Cigna's own procedural violations"; (3) [t]olling all internal and external review deadlines applicable to

Plaintiff's claims until Cigna has complied with ERISA-compliant procedures and this Court has reviewed the resulting record"; (4) "[o]rdering Cigna to preserve and not destroy or alter any portion of Plaintiff's administrative record, including but not limited to call recordings, internal notes, emails, case management documentation, and communications with regulators concerning Plaintiff"; (5) "[r]equiring Cigna to produce to Plaintiff and the Court, within a short, specified period, the complete administrative record for Plaintiff's revision-surgery and related claims, as well as the governing plan documents, summary plan description, and internal guidelines relied upon"; and (6) "[g]ranting such other and further temporary or preliminary relief as the Court deems just and proper." *Id.* at 9. This motion is addressed herein.

On January 13, 2026, *Cigna* was assigned to this Court as related to *Sedgwick*. On January 15, 2026, the Court issued an order of service, *id.*, ECF No. 7, and referred the case for general pretrial management and reports and recommendations on dispositive motions to Judge Figueredo. *Id.*, ECF No. 8.

Between January 22 and January 30, 2026, Plaintiff filed five additional motions: (1) "Plaintiff's Request for Clarification Regarding Status of Pending Emergency Motion," *id.*, ECF No. 14; (2) "Motion to Compel," *id.*, ECF No. 16; (3) "Motion for Article III Supervisory Intervention Regarding Structural Delay and Procedural Deprivation," *id.*, ECF No. 17; (4) "Motion to Reassign Case," *id.*, ECF No. 18; and (5) "Motion for Temporary Restraining Order," *id.*, ECF No. 19. The Motion for Temporary Restraining Order, ECF No. 19, "renews [Plaintiff's] request[s]" from the initial motion at ECF No. 1. *Id.* at 1. These motions are also addressed herein.

## **DISCUSSION**

### A. **Reassignment to a Different Article III Judge**

In each of the above-referenced cases, Plaintiff has requested a transfer to a different "Article III" Judge. *Sedgwick*, ECF Nos. 28, 29; *Unum*, ECF No. 17; *Cigna*, ECF No. 18. Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." There is no basis for disqualification here. "The Court has presided over th[ese] case[s] as it does all of the other cases before it, by endeavoring to follow and apply the law fairly to all parties." *Murray v. Lakeland Cent. Sch. Dist. Bd. of Educ.*, No. 16 Civ. 6795 (KMK), 2017 WL 4286658, at *12 (S.D.N.Y. Sept. 26, 2017). Plaintiff contends that purported delay in adjudicating Plaintiff's emergency motions begs the "question whether emergency filings are receiving equal consideration." *Cigna*, ECF No. 18 at 2; *Unum*, ECF No. 17 at 1 (arguing that "[r]eassignment is appropriate where . . . emergency filings go unanswered"). As previously noted, the *Unum* and *Cigna* cases were assigned to this Court on January 13, 2026, and the Court adjudicated Plaintiff's October 20, 2025 emergency motion in *Sedgwick* on November 5, 2025, *Sedgwick*, ECF No. 10. And "[w]hile [Plaintiff] may be dissatisfied with the [Court's] rulings, he has not [credibly] argued that the rulings would cause a disinterested observer to reasonably question the undersigned's impartiality." *Saladino v. Tufano*, No. 20 Civ. 9346 (NSR) (JCM), 2025 WL 2324075, at *3 (S.D.N.Y. Aug. 12, 2025) (Mag. J.).

### B. Plaintiff's Emergency Motions

Plaintiff's numerous applications and renewed applications for emergency relief in each case also fail. *Sedgwick*, ECF No. 30[2]; *Unum*, ECF No. 1; *Cigna*, ECF Nos, 1, 19.

"In the Second Circuit, the standard for issuance of a temporary restraining order is the same as the standard for a preliminary injunction." *Sweigert v. Goodman*, No. 23 Civ. 5875 (JGK), 2024 WL 2330933, at *1 (S.D.N.Y. May 21, 2024) (denying *pro se* Plaintiff's motion for temporary and permanent injunctions). To obtain such relief, Plaintiff must show (1) that he is likely to suffer "irreparable harm" and (2) either (a) "a likelihood of success on the merits of his case" or (b) "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly" in his favor. *UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (cleaned up); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted). Plaintiff argues that this legal standard does not apply to "preservation-based or procedural injunction[s]," as they generally "do not require adjudication on the merits," *Sedgwick*, ECF No. 27 at 2; *see id.*, ECF No. 30 at 2 (claiming that the Court

---

[2] In *Sedgwick*, the Court denied Plaintiff's request for a temporary restraining order, ECF No. 3, on November 5, 2025. *Id.*, ECF No. 10. Plaintiff now moves to vacate that order and for reconsideration, *id.*, ECF No. 27, and renews his motion for a temporary restraining order based on the same arguments as his original motion, *id.*, ECF No. 30. A motion for reconsideration must be "filed within 14 days after the court's determination of the original motion," Local Rule 49.1, and Plaintiff's motion at *Sedgwick*, ECF No. 27—filed 85 days after the Court's denial of the original motion—is therefore untimely. Plaintiff's "motion to declare the November 5, 2025 TRO Denial Void," *id.*, ECF No. 53, which repeats many of the same arguments advanced in Plaintiff's motion for reconsideration and was filed 93 days after the November 5, 2025 denial, is also untimely. The Court denies Plaintiff's renewed motion, *id.*, ECF No. 30, for the reasons stated herein. *Infra* at 11.

should apply a "distinct legal standard that does not require a showing of likelihood of success on the merits")).  But Plaintiff's cases do not address the preservation of evidence on an emergency motion.  *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 395, (1981) (noting only that "a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits"); *Glista v. Unum Life Ins. Co. of Am.*, 378 F.3d 113 (1st Cir. 2004) (evaluating denial of disability benefits and the admissibility of certain documents in connection with the court's decision on the administrative record); *Fujitsu Ltd. v. Fed. Exp. Corp.*, 247 F.3d 423, 436 (2d Cir. 2001) (holding that the "[t]he obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation").

While the Court construes *pro se* pleadings "liberally" and interprets them "to raise the strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (citation and internal quotations omitted), "[p]ro se status does not exempt a party from compliance with relevant rules of procedural and substantive law," *Azzarmi v. Key Food Stores Co-Operative Inc.*, No. 20 Civ. 6835, 2021 WL 1734922, at \*3 (S.D.N.Y. May 3, 2021) (internal quotations and citation omitted).

The Court now turns to Plaintiff's requests for relief in his emergency motions in *Sedgwick*, *Unum*, *and Cigna*.

### i.    Preservation of Records

Plaintiff seeks preservation of his records by Defendants in each case.  *Sedgwick*, ECF No. 30 at 5 ("Preserve all administrative-record materials relating to Plaintiff's claim."); *Unum*, ECF No. 1 at 7 (requesting order regarding the "[p]reservation of all records."); *Cigna*, ECF No. 1 at 9 (requesting an order asking Cigna to "preserve and not destroy or alter any portion of

Plaintiff's administrative record"); *id.*, ECF No. 19 at 2 (requesting order directing Cigna to "[p]reserve the complete administrative record"). As the Court previously explained, *see Sedgwick,* ECF No. 10 at 3, Defendants were already obligated to preserve evidence once they were aware "the evidence may be relevant to future litigation." *Fujitsu*, 247 F.3d at 436. In any event, emergency relief or a preservation order are not "necessary" at this stage. *Pro. Merch. Advance Cap., LLC v. C Care Servs., LLC*, No. 13 Civ. 6562 (RJS), 2013 WL 12109397, at *3 (S.D.N.Y. Oct. 2, 2013) ("Plaintiff has not submitted any evidence that Defendants are likely to destroy evidence in violation of that obligation . . . [and] therefore [not] shown [] that a preservation order is necessary."); *see also Sedgwick*, ECF No. 10 (denying emergency relief on the same basis); *Moody v. New York Inst. of Tech., et al.*, No. 25 Civ. 8730 (MMG) (SN) (S.D.N.Y. December 29, 2025) (stating that Plaintiff—in another case in this District—"ha[d] not plausibly alleged that Defendants are destroying or failing to retain relevant evidence of this lawsuit"); *Dolce v. Certified Luxury Motors*, No. 25 Civ. 2150 (AT) (RWL), 2025 WL 1198833, at *4 (S.D.N.Y. Apr. 11, 2025) (denying emergency motion requesting preservation of evidence as "[d]efendants already are under a legal obligation to preserve documents"), *report and recommendation adopted*, *Dolce v. Certified Luxury Motors*, No. 25 Civ. 2150 (AT) (RWL), 2025 WL 1184076 (S.D.N.Y. Apr. 23, 2025).

> ii.     *Production of Discovery*

Plaintiff also seeks to compel the production of certain documents on an emergency basis. *Sedgwick*, ECF No. 30 at 5 ("Produce the complete administrative claim file."); *Cigna*, ECF No. 1 at 9 (requesting an order directing Cigna to "produce to Plaintiff and the Court, within a short, specified period, the complete administrative record for Plaintiff's revision-surgery and related claims").

"The principal problem with [P]laintiff's application is that plaintiff appears to be seeking the extraordinary remedy of a [TRO and] preliminary injunction to compel [D]efendants to respond to [] discovery requests on an expedited basis." *Magassouba v. United States*, No. 8 Civ. 4560 (LAP) (HBP), 2012 WL 6709326, at *1 (S.D.N.Y. Dec. 4, 2012), *report and recommendation adopted*, No. 8 Civ. 4560 (LAP) (HBP), 2012 WL 6720546 (S.D.N.Y. Dec. 27, 2012). Courts "will not permit plaintiff[s] to make an end run around the rules of discovery . . . by framing what is essentially a request to compel discovery as a motion for a temporary restraining order." *LaPierre v. LaValley*, No. 15 Civ. 1499 (MAD) (DJS), 2017 WL 2189580, at *2 (N.D.N.Y. May 18, 2017). "Plaintiff will [eventually] be permitted to seek discovery and further assess and challenge [Defendants'] proof and legal arguments." *Stringer v. Simon & Schuster, Inc.*, No. 25 Civ. 670 (MKV), 2025 WL 1916136, at *4 (S.D.N.Y. June 20, 2025) (denying *pro se* Plaintiff's request for discovery as premature).

### iii.    Substantive Relief on the Merits

Finally, Plaintiff seeks relief on the merits of his claims, including orders directing Sedgwick to comply with its "ADA Title II obligation," *Sedgwick*, ECF No. 30 at 6; compelling "Unum to properly investigate and adjudicate the claim," *Unum*, ECF No. 1 at 6; and ordering Cigna to "to immediately accept and process Plaintiff's August 27, 2025 submission as a timely expedited appeal and urgent care claim," *Cigna*, ECF No. 1 at 2; *id.*, ECF No. 19 at 9 (similar).

"Plaintiff's submissions do not demonstrate (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in h[is] favor." *Yarborough v. Bragg, et al.*, No. 25 Civ. 159 (DEH) (S.D.N.Y. Jan. 10, 2025) (denying *pro se* emergency motion requesting temporary restraining order). Thus, "even with the special solicitudes afforded to *pro se* Plaintiffs,"

11

Plaintiff has not "carrie[d] the burden of persuasion required to receive such a drastic remedy." *Dennis v. K&L Gates LLP*, No. 20 Civ. 9393 (MKV), 2025 WL 1094493, at *2 (S.D.N.Y. Apr. 11, 2025) (cleaned up) (denying *pro se* motion for preliminary injunction where Plaintiff's "speculative concerns" did not support the "irreparable harm" element).  Plaintiff's requests for emergency relief are therefore denied without prejudice.

### C.  Other Applications

Plaintiff has also filed motions requesting "clarification regarding the procedural status of Plaintiff's pending emergency motion[s]," *Unum*, ECF No. 15 at 1; *Cigna*, ECF No. 14 (similar); "Article III supervisory intervention" to address procedural defects, *Sedgwick*, ECF No. 25; *Unum*, ECF No. 16; *Cigna*, ECF No. 17; motions to compel adjudication of Plaintiff's emergency motions, *Cigna*, ECF No. 16; *Sedgwick*, ECF No. 52, and a "motion for judicial notice of structural defects, retaliatory litigation conduct, and ADA Title II access violations." *Sedgwick*, ECF No. 26.  Having adjudicated Plaintiff's requests for emergency relief, *see supra* at 11, the Court denies Plaintiff's motions for "clarification," for "Article III supervisory intervention," and to compel as moot.

As for Plaintiff's claim that his "ADA Title II access filings" in *Sedgwick*, "including requests for electronic service, written-only participation, and accommodations related to neurological and visual impairments," have not been addressed, *Sedgwick*, ECF No. 26 at 3, the docket reflects Plaintiff's consent to receive electronic service, ECF No. 17.  No other requests for accommodation appear on the docket.  In any event, to this point, Plaintiff has only been required to participate in these cases in writing.

**CONCLUSION**

Since commencing these actions, Plaintiff has filed numerous applications seeking overlapping relief on various grounds. This is "improper and delays the Court's resolution of the case[s]," *Moody v. New York Inst. of Tech., et al.*, No. 25 Civ. 8730 (MMG) (SN) (S.D.N.Y. January 29, 2026), and the Court may summarily deny future applications seeking relief on the same grounds. The Court has endeavored to address all of Plaintiff's requests to assure him that they have been received and considered. To the extent not explicitly addressed in this Order, any other requests for relief are denied as meritless. **The Court warns Plaintiff that if he files any additional frivolous or otherwise non-meritorious submissions in these cases, the Court will direct him to show cause why the Court should not bar him from filing any future submissions without leave of Court**. *See City of Philadelphia v. Bradley*, No. 24 Civ. 7607 (LTS), 2024 WL 5318687, at *2 (S.D.N.Y. Dec. 9, 2024) (citing *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998). **Plaintiff is on notice that continued abuse of the judicial process could lead to sanctions**. *See also New York Inst. Tech.*, No. 25 Civ. 8730, ECF No. 69, at *3.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the following motions in each case:

- *Moody v. Sedgwick Claims Management Services, Inc.*, No. 25 Civ. 8671
  - ECF Nos. 25, 26, 27, 28, 29, 30, 52, 53

- *Moody v. Unum Group, et al*, No. 25 Civ. 9787
  - ECF Nos. 15, 16, 17

- *Moody v. Cigna Health and Life Insurance Company*, No. 25 Civ. 10720
  - ECF Nos. 14, 16, 17, 18, 19

SO ORDERED.

Dated:   February 10, 2026
          New York, New York

JENNIFER H. REARDEN
United States District Judge