UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

AMARI J. MOODY,

                Plaintiff,

      -against-

SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC.

                Defendant.

-------------------------------------------------------------------X

25-CV-08671 (JHR) (VF)

**<u>ORDER</u>**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

On February 10, 2026, the Honorable Jennifer H. Rearden issued an order addressing a number of Plaintiff's motions in this case. <u>See</u> ECF No. 55. On February 2, 2026, Plaintiff filed a motion to strike Defendant's declaration in support of their motion to dismiss (ECF No. 34), a motion for sanctions (ECF No. 35), and a motion for judicial notice of discriminatory conduct (ECF No. 36). On February 3, 2026, Plaintiff filed a motion for "judicial admonishment of counsel." ECF No. 40. On February 4, 2026, Plaintiff filed another motion for sanctions. ECF No. 47. Plaintiff has provided no basis to support any of these motions. Each of these motions is therefore denied as frivolous.

On February 11, 2026, Plaintiff also filed for a writ of mandamus, requesting that the court vacate Judge Rearden's February 10, 2026 order and reassign the matter to a different district judge. ECF No. 57. The motion is denied as frivolous.

In connection with their motion to dismiss, Defendant requests a stay of discovery. <u>See</u> ECF No. 20 at 22. On February 5, 2026, Plaintiff filed a motion to clarify whether discovery is stayed. ECF No. 48. "Under Federal Rule of Civil Procedure 26(c), a court has discretion to stay

discovery during the pendency of a motion to dismiss upon a showing of good cause." HAHA Glob., Inc. v. Barclays, No. 19-CV-04749 (VEC) (SDA), 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) (internal quotation marks, alteration, and citation omitted). "In determining whether good cause exists, courts consider: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Id. (citation omitted). In considering whether the motion to dismiss makes a strong showing that plaintiff's claim is unmeritorious, "courts avoid 'prejudging the motion to dismiss,' so that a motion for a stay does not become 'a vehicle for jumping the queue to receive a preliminary ruling on a motion to dismiss ahead of motions on the Court's docket that have been longer pending.'" Choudhury v. NYC Health & Hosps. Corp., No. 25-CV-5240 (PAE), 2025 WL 2977837, at *2 (S.D.N.Y. Oct. 22, 2025) (quoting Cambridge Cap. LLC v. Ruby Has LLC, No. 20-CV-11118 (LJL), 2021 WL 2413320, at *2 (S.D.N.Y. June 10, 2021)). "Courts look to whether the complaint is facially without merit or whether the plaintiff has been unable to cite relevant authority in response to a defendant's challenge." Id. (internal quotation marks, alteration, and citation omitted).

Here, Plaintiff's complaint alleges three causes of action: wrongful denial of benefits under ERISA § 502(a)(1)(B) in Count I, fiduciary breach under ERISA § 502(a)(3) in Count II, and "interference" under ERISA § 510 in Count III. Defendant argues that Plaintiff's complaint should be dismissed because the plan at issue is not governed by ERISA, noting that the plan explicitly states that it is not governed by ERISA. ECF No. 20 at 11-15. In the alternative, Defendant argues that Plaintiff fails to state any cognizable claim under any of the three relevant ERISA statutes. Id. at 15-21. Defendant has presented viable grounds for dismissing the

complaint, weighing in favor of a stay. See Magee v. Walt Disney Co., No. 19-CV-10274 (AJN) (SDA), 2020 WL 8815489, at *1 (S.D.N.Y. June 10, 2020).

Additionally, Plaintiff has filed requests for subpoenas on Defendant and third parties, which include broad requests for discovery. ECF Nos. 41-45; see also ECF No. 41 at 4 (requesting all documents reflecting "suspension or freezing of payments" and "retroactive denial of benefits," among other documents); ECF No. 43 (requesting all documents reflecting "internal recognition of conflicting provider records," among other documents); ECF No. 44 (requesting all documents reflecting "any appeal opened, rescinded, or transferred," among other documents). Because of the breadth of the discovery requested from Defendant as well as other third parties, this factor also weighs in favor of a stay. Magee, 2020 WL 8815489, at *1 (granting stay where plaintiff requested broad discovery from five individuals and third parties).

Plaintiff argues that a stay is not warranted because it would operate "asymmetrically" and "freeze Plaintiff's access to evidence." ECF No. 22 at 5. Plaintiff argues that "[p]rocedural violations and spoliation risk are alleged." Id. But Plaintiff has not made any viable claim that Defendant will spoliate evidence, particularly in light of Judge Rearden's order to preserve all evidence. ECF No. 10. Because Defendant's motion to dismiss appears to be founded in law, the request for a stay of discovery is **GRANTED** pending resolution of Defendant's motion to dismiss. See, e.g. Ema Fin., LLC v. Vystar Corp., 336 F.R.D. 75, 84 (S.D.N.Y. 2020) (granting motion to stay where Defendant's "made a strong showing" that it is likely to succeed on its motion to dismiss, discovery on defendant and third-parties would be burdensome, and prejudice to plaintiff was minimal); Johnson v. New York Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (granting stay pending motion to dismiss because "defendant's motion to dismiss is potentially dispositive and does not appear to be unfounded in the law," "plaintiff has

not demonstrated that he would be prejudiced by a stay," and the motion to dismiss "may obviate the need for burdensome discovery").

Plaintiff is reminded that if he continues to file frivolous submissions in this action, the Court will direct him to show cause why he should not be barred from filing any future submissions without leave of Court. Plaintiff is also warned that the continued abuse of the judicial process could lead to sanctions. See ECF No. 55.

The Clerk of the Court is respectfully directed to close the motions at ECF Nos. 34, 35, 36, 40, 47, 48, and 57.

**SO ORDERED.**

DATED:        New York, New York
              February 27, 2026

_____
VALERIE FIGUEREDO
United States Magistrate Judge