UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

AMARI J. MOODY,

                         Plaintiff,                              25-CV-08671 (JHR) (VF)

          -against-                                **<u>ORDER</u>**

SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC.

                         Defendants.

-------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

      A transcript of the conference held on June 22, 2026 is attached hereto as Exhibit A.

Plaintiff may file a response to the transcript by **<u>July 1, 2026</u>**.

      **SO ORDERED.**

DATED:     New York, New York
             June 24, 2026

                                                _____
                                            VALERIE FIGUEREDO
                                            United States Magistrate Judge

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------:

AMARI J. MOODY,                    : Case No.: 25-cv-8671

                    Plaintiffs,:

     v.                            :

SEDGWICK CLAIMS MANAGEMENT    : New York, New York

SERVICES, INC.,                    : June 22, 2026

                    Defendant. :

------------------------------:


TRANSCRIPT OF STATUS CONFERENCE HEARING

BEFORE THE HONORABLE VALERIE FIGUEREDO

UNITED STATES MAGISTRATE JUDGE




APPEARANCES:

For Plaintiff:         NO APPEARANCE

For Defendant:         LEWIS BRISBOIS BISGAARD &
                       SMITH LLP
                       BY:  Peter T. Shapiro, Esq.
                       140 Broadway - Suite 3100
                       New York, New York 10005



Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.




AMM TRANSCRIPTION SERVICE  -  631.334.1445

THE DEPUTY CLERK:  Good afternoon.

This is the matter of Moody vs. Sedgwick Claims Management Services; Case Number: 25-cv-8671. The Honorable Valerie Figueredo presiding.

Attorney, can you please make your appearance for the record?

MR. SHAPIRO:  Yes, good afternoon.  This is Peter Shapiro from Lewis Brisbois Bisgaard & Smith LLP for defendant.

THE COURT:  Good afternoon, Mr. Shapiro. This is Judge Figueredo.  I'll just note for the record, I know Mr. Moody is not on the call.  I do understand that he got notice of the conference because he had filed a request over the weekend with the Pro Se Office to basically stay the proceeding. I think his request sought that we do this in writing.

I specifically wanted to have the conference to discuss the pending motion to dismiss that defendant filed.  And there was two specific questions I wanted to ask of defendants.  And I think just for purposes of Mr. Moody having a record of what's gone on, what I'll do is I'll have the transcript ordered, I'll have it docketed and sent to Mr. Moody.  And then, Mr. Shapiro, if you can

AMM TRANSCRIPTION SERVICE  -  631.334.1445

provide your response in writing, and I'll allow Mr. Moody time to file a written response.

Do you have any questions, Mr. Shapiro, before I go on?

MR. SHAPIRO:  No, that's fine.  Thank you.

THE COURT:  Okay.  So there's two things I wanted to ask.  The first is, I know that in your arguments for why dismissal of the ERISA claims here is appropriate is that the short-term disability plan at issue here was not governed by ERISA.

And I believe the plan that was -- or the exhibit that was provided to support this was, I think, what looks -- I'm just trying to pull it up on ECF, but I believe it was a brochure that was provided by the employer, Starbucks, that described all of the various either health insurance or short term disability plans.

MR. SHAPIRO:  Yes, that was one of the two exhibits.

THE COURT:  Yeah, sorry, I was just loading it.  So for purposes of the record, it's at ECF19-1. It's the U.S. Benefits Plan Description 2025 through 2026.  And the argument you make in the brief is that this would show that it's not -- that the short term disability plan under which he brings his ERISA

claim, you know, is not governed by ERISA.

It wasn't clear to me -- I guess the first thing is, it's not clear to me that this can be -- this benefit plan description document, which I'm not sure is the same as the plan, the short term disability plan document, but in any case, it wasn't clear to me that I could consider it on a motion to dismiss.

So if the defendants can provide, you know, case law that would allow me to consider this on a motion to dismiss as opposed to converting into a motion for summary judgment, with notice to Mr. Moody.

I know you cite the case law that says that matters outside the pleadings can be incorporated -- can be considered, you know, as long as they're integral to the complaint.  And I recognize that his complaint is that he was, you know, wrongfully denied these benefits, and the short term disability benefits were improperly terminated without notice, but this brochure -- or, you know, plan description booklet, unless there's, you know, evidence that indicates that it is actually the plain documents, I'm not sure that's the same thing as what Mr. Moody is relying on for his claims.

AMM TRANSCRIPTION SERVICE  -  631.334.1445

Does that question make sense, Mr. Shapiro?

MR. SHAPIRO:  Yeah.  I don't think plaintiff actually relies on any document that shows it's an ERISA plan because there is no such document.  But I will try to provide something that is responsive to the questions.

THE COURT:  Yeah, and I understand that. I'm just -- you know, given that it's a motion to dismiss, perhaps, maybe, the simpler course would be to convert it to a motion for summary judgment with notice and an opportunity for Mr. Moody to point to his own evidence.  But just because of the procedural posture that we're in, if you have any authority that would allow me to consider this specific plan description book that's filed at ECF 19-1, that was my first question.

The second one is your memorandum of law discusses that the other reason this is -- apart from what this plan description booklet says, that it's not a short -- it's not an ERISA funded plan because it's -- it doesn't talk about how -- the plan is basically self-funded by the employer, and that would mean that it's not an ERISA governed plan.

Do you know where that is in ECF 19-1?

Like, where is the support for the idea that the funding source is the individual employer?

MR. SHAPIRO:  Well, I think it's based on what it says in the brochure, that this is an ERISA plan and that, you know, there's no identification of an insurance carrier that is providing these benefits, which is what takes it outside of ERISA.

THE COURT:  So I'm looking at page seven of your brief, which was filed at ECF-20.  And specifically that first paragraph says, you know, given the governing documents -- and I guess part of my -- part of my question was that, like, I'm not sure this might be the case.  I'm not sure that what's filed at ECF 19-1 is a governing document.  But putting that aside, it says, "it does not identify any separate trust or insurance policy.  The benefits are paid solely from Starbucks' general assets."  But there's no citation for that.  And I guess, you know, I'm not an ERISA expert, and so I just -- I -- that is what -- I also don't understand how that's shown.

MR. SHAPIRO:  Okay.  I understand.  Let me see what I can provide to help enlighten the Court about that.

THE COURT:  Okay.  And again, because it is

AMM TRANSCRIPTION SERVICE  -  631.334.1445

a motion to dismiss, and because he's pro se, if you find that there's -- that this information isn't really -- you can't find any case to support me considering this information at this time, we -- you know, with notice, Mr. Moody had an opportunity to put in his own evidence and oppose it, we can convert this to a 50 -- summary judgment motion.

MR. SHAPIRO:  I understand that.  I know he's already protested that he needs discovery, so I'm sure that's what we would hear more extensively if we -- if we look to convert it.  So hopefully we can avoid that, but if not, so be it.

THE COURT:  Okay.  So again, I'll just -- I will order a copy of the transcript.  I'll have it filed on the docket.  Do you have a sense of how much time you need to file a letter?

MR. SHAPIRO:  Let me just look at the schedule here.  If I could have until next Wednesday, July 1st, that would be great.

THE COURT:  Perfect.  So I'll -- once I -- once you file whatever the response is, I'll give Mr. Moody an opportunity to file whatever response he'd like.

If you don't have anything else, though, thank you for your time today.

            MR. SHAPIRO:  Okay.  Thank you.

            THE COURT:  Thank you.


                         0o0

C E R T I F I C A T E

I, Adrienne M. Mignano, certify that the foregoing transcript of proceedings in the case of Moody v. Sedgwick Claims Management Services, Inc. Docket #25CV8671 was prepared using digital transcription software and is a true and accurate record of the proceedings.

Signature ___*Adrienne M. Mignano*_____

ADRIENNE M. MIGNANO, RPR

Date:       June 23, 2026

AMM TRANSCRIPTION SERVICE  -  631.334.1445